1  MORGAN, LEWIS & BOCKIUS LLP
   Max Fischer, Bar No. 226003
2  max.fischer@morganlewis.com
   Brian D. Fahy, Bar No. 266750
3  brian.fahy@morganlewis.com
   300 South Grand Avenue
4  Twenty-Second Floor
   Los Angeles, CA  90071-3132
5  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
6
   MORGAN, LEWIS & BOCKIUS LLP
7  Sarah Zenewicz, Bar No. 258068
   One Market
8  Spear Street Tower
   San Francisco, CA  94105-1596
9  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
10 sarah.zenewicz@morganlewis.com

11 Attorneys for Defendants
   AMAZON.COM SERVICES LLC and AMAZON
12 LOGISTICS, INC.

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15

16
   IAN WEBB, individually, and on behalf of          Case No. _____
17 other members of the general public similarly
   situated,                                          **AMAZON DEFENDANTS' NOTICE
18                                                     OF REMOVAL TO FEDERAL COURT**
                   Plaintiff,
19                                                     **[28 U.S.C. §§ 1332, 1441, 1446]**
                   vs.
20                                                     Complaint Filed:   October 14, 2022
   REJOICE DELIVERS LLC, a California
21 limited liability company; AMAZON
   LOGISTICS, INC., a Delaware corporation;
22 AMAZON.COM SERVICES, LLC, a
   Delaware limited liability company; and DOES
23 1 through 100, inclusive;

24                 Defendants.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendants Amazon.com Services LLC and Amazon Logistics, Inc. ("Amazon"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1452, because minimal diversity exists and the amount in controversy exceeds $5 million.  Amazon will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

This removal is based on the following grounds:

**I.    PROCEDURAL BACKGROUND**

1.    On August 9, 2022, Plaintiff Ian Webb ("Plaintiff"), filed an unverified putative class action complaint against Defendant Rejoice Delivers LLC ("Rejoice") in Santa Clara County Superior Court, in the matter entitled *Ian Webb, individually, and on behalf of other members of the general public similarly situated v. Rejoice Delivers LLC*, Case No. 22CV401850, a true and correct copy of which is attached as **Exhibit A**.  On October 14, 2022, Plaintiff Ian Webb ("Plaintiff"), filed an unverified First Amended Complaint ("FAC") adding Amazon as named Defendants, a true and correct copy of which is attached as **Exhibit B**.

2.    On October 17, 2022, Plaintiff personally served the registered agents for Amazon Logistics, Inc. and Amazon.com Services LLC.  True and correct copies of the Proofs of Service of Summons are attached hereto as **Exhibits C and D**.

3.    On November 16, 2022, Defendant Rejoice Delivers, LLC filed and served its Answer to Plaintiff's First Amended Complaint.  A true and correct copy of the Answer is attached hereto as **Exhibit E**.  All other documents and orders filed in the state court action are attached hereto as **Exhibit F**.  Exhibits A-F constitute all of the pleadings, process, and orders served upon Amazon or filed in the Superior Court action.

4.    In the First Amended Complaint, Plaintiff asserts claims on behalf of the following putative class:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

1

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

> All persons who performed services for Defendants Amazon Logistics, Inc. and/or Amazon.com Services, LLC and were paid by a contracted delivery service provider within the State of California at any time during the period from August 9, 2018, to final judgment.

FAC ¶ 15.

5.      On behalf of himself and the putative class, Plaintiff asserts causes of action for: (1) unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) non-compliant wage statements; (7) unreimbursed business expenses; (8) collection of due and unpaid wages; (9) violation of Business & Professions Code § 17200.

6.      Based on Plaintiff's apparent theory that he and the other putative class members were jointly employed by Amazon, Amazon has calculated the amount in controversy as set forth below.  Amazon denies that it employed or jointly employed Plaintiff, any other Rejoice employees or the employees of any other contracted delivery service provider, that it violated any laws respecting them, or that Plaintiff is entitled to any relief.  Amazon reserves the right to provide additional calculations if Plaintiff's theories change.

## II.    REMOVAL IS TIMELY

7.      Plaintiffs served the registered agent for Amazon on October 17, 2022.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

8.      This lawsuit is a putative class action.[1]  Removal based on Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and Defendants; (ii) the aggregate

---

[1] Amazon denies and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action. '

number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint

places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C.

§§ 1332(d)(2), (d)(5)(b), 1453. Although Amazon denies Plaintiffs' factual allegations and

denies that Plaintiffs—or the class they purport to represent—are entitled to the relief requested in

the Complaint, based on Plaintiffs' allegations in the Complaint and Prayer of Relief, all

requirements for jurisdiction under CAFA have been met in this case.

### A.    Diversity of Citizenship Exists.

9.    To establish CAFA's diversity requirement, a removing party seeking removal

must establish only that minimal diversity exists, that is, that one putative class member is a

citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper &*

*Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v.*

*Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA

provides expanded original diversity jurisdiction for class actions meeting the minimal diversity

requirement set forth in 28 U.S.C. § 1332(d)(2)).

### 1.    Plaintiff is a Citizen of California.

10.    "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v.*

*Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert*

*Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction,

citizenship is determined by the individual's domicile at the time that the lawsuit is filed.

*Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*,

797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a

state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of

continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d

340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir.

1994).

11.    In his Complaint, Plaintiff alleges that he was employed by Rejoice and Amazon,

in the State of California. FAC ¶¶ 6-9. Also, all Plaintiff alleges he is a resident of the State of

California. FAC ¶ 5. Business records of Rejoice reflect that Plaintiff's last known home

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

3

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

addresses on file is in the State of California. The Complaint does not allege any alternative place of residence or state of citizenship for Plaintiff. *See generally* FAC. Accordingly, Plaintiff was and is domiciled in California and, therefore, is a citizen of California for purposes of removal. Plaintiff is not, however, a citizen of Washington.

### 2. Amazon Logistics, Inc. is a Citizen of Delaware and Washington.

12.    Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13.    Defendant Amazon Logistics, Inc. is a corporation organized under the laws of the State of Delaware. Its principal place of business and corporate headquarters is in Seattle, Washington, where its officers direct, control, and coordinate corporate activities. *Id.* Thus, Defendant Amazon Logistics, Inc. is a citizen of Delaware and Washington. 28 U.S.C. § 1332(c)(1).

### 3. Amazon.com Services LLC is a Citizen of Delaware and Washington.

14.    Under CAFA, a limited liability company is deemed to be a citizen of the state under whose laws it is organized and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10). Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its headquarters are in Seattle, Washington, where its officers direct, coordinate and control its business operations. *Id.* Thus, Defendant Amazon.com Services LLC is a citizen of Delaware and Washington. 28 U.S.C. § 1332(d)(10).

### B. The Putative Class Has More Than 100 Members.

15.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

4

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

Plaintiff seeks to represent "All persons who performed services for Defendants Amazon Logistics, Inc. and/or Amazon.com Services, LLC and were paid by a contracted delivery service provider within the State of California at any time during the period from August 9, 2018 to final judgment." FAC ¶ 15.

16.    For many years (including prior to August 9, 2018), for some product deliveries in California, Amazon has contracted with regional and/or local DSPs, including Rejoice. Relevant here, Amazon contracted with the Rejoice and the other California DSPs that employed Plaintiff and the putative class members. Under those contracts, the DSPs employed delivery drivers, including Plaintiff, to make local, intrastate deliveries to the homes or businesses of the Amazon customers who ordered products from Amazon. Amazon never employed Plaintiff or any of the putative class members that he seeks to represent.

17.    Based on available data from similar lawsuits against DSPs in California that allege Amazon is a joint employer, there are at least 7,000 putative class members during the period August 9, 2018 through November 16, 2022. *See* Declaration of Peter Nickerson ("Nickerson Dec.") ¶ 3. Thus, the putative class contains more than 100 members.

**C.    The Amount in Controversy Exceeds $5,000,000.[2]**

18.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiffs do not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

---

[2] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Amazon refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Amazon maintains that each of Plaintiffs' claims lack merit and that Amazon is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Amazon's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Amazon denies that this case is suitable for class treatment.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

5

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

19.     A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.  It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

20.     The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages.  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint-much of which it presumably disagrees with-to estimate an amount in controversy.  This is also at a stage of the litigation before any of the disputes over key facts have been resolved.").  The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

6

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

21.     The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'"  *Marano v. Liberty Mut. Grp., Inc*., 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (*quoting Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)."  Senate Judiciary Report, S. REP. 109-14, at 42.  As the United States Supreme Court has advised, "no antiremoval presumption attends case invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

22.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Exp., Inc*., 471 F. App'x. 646, 648 (9th Cir. March 8, 2012) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy.  *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

23.     While Amazon denies Plaintiff's factual allegations and denies that he or the putative class he seeks to represent are entitled to any of the relief for which Plaintiff has prayed, it is clear that, when the potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within the Complaint put more than $5 million into controversy when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

7

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

1.      **Plaintiff's First Cause of Action for Unpaid Overtime Puts At Least $1,650,000 in Controversy.**

24.     Plaintiff alleges, "Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, failing to pay them for all hours worked[.]" FAC ¶ 26.  In support of his unpaid overtime claim, Plaintiff alleges, "Plaintiff and, the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants."  FAC ¶ 25; *see also* FAC ¶ 37.  Plaintiff also alleges, "Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and the other class members were not receiving wages for overtime compensation."  FAC ¶ 27.

25.     Labor Code Section 1194(a) provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

26.     Plaintiff also alleges that the unpaid overtime constitutes unfair competition within the meaning of the UCL (Ex. A, ¶ 133) and therefore applicable statute of limitations for the unpaid overtime claim is four years. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal. 4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

27.     Based on available data from similar lawsuits against DSPs in California that allege Amazon is a joint employer, the putative class members have worked at least 100,000 workweeks during the four-year statute of limitations.  Nickerson Decl. ¶ 4.  As of January 1, 2018, the minimum wage in California was $11 per hour.  Amazon's conservative calculation of the amount in controversy for unpaid overtime is **$1,650,000** (100,000 workweeks x $11 per hour

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

8

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

x 1.5 overtime rate), which is based on the assumption of one hour of unpaid overtime at an overtime rate of at least $16.50 per hour.

**2.    Plaintiff's Second and Third Causes of Action for Failure to Provide Meal And Rest Periods Puts At Least $2,200,000 in Controversy.**

28.    Plaintiff alleges, "Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, inter alia, failing to pay them for all . . .missed meal periods, and missed rest breaks[.]" FAC ¶ 26.  Plaintiff alleges, "Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties." FAC ¶ 28.  Plaintiff also alleges, "During the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and the other class members." FAC ¶ 38.  Plaintiff further alleges that he and the putative class members did not receive one additional hour of pay at the regular rate of pay when they missed meal and rest periods.  FAC ¶¶ 29, 30.

29.    Labor Code § 226.7(b) states that if an employer fails to provide an employee a meal or rest period in accordance with state law, the employer shall pay the employee one additional hour of pay for each workday that the meal or rest period is not provided.

30.    Plaintiff also alleges that the failure to pay meal and rest break premiums constitutes unfair competition within the meaning of the UCL (FAC ¶ 133) and therefore applicable statute of limitations for the meal and rest break claims is four years. Bus. & Prof. Code § 17208.

31.    Based on available data from similar lawsuits against DSPs in California that allege Amazon is a joint employer, the putative class members have worked at least 100,000 workweeks during the four-year statute of limitations.  Nickerson Decl. ¶ 4.  As of January 1, 2018, the minimum wage in California was $11 per hour.  Amazon's conservative calculation of the amount in controversy for unpaid minimum wage is **$2,200,000**, which includes $1,100,000 for unpaid meal break premiums, assuming one unpaid meal break per workweek ($11 minimum

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

9

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

wage rate x 100,000 workweeks) and $1,100,000 for unpaid rest break premiums, assuming one

unpaid rest break per workweek ($11 minimum wage rate x 100,000 workweeks).

### 3.    Plaintiff's Fifth Cause of Action for Waiting Time Penalties Puts At Least $5,760,000 in Controversy.

32.    In support of his cause of action for waiting time penalties, Plaintiff alleges, "Defendants knew or should have known that Plaintiff and the other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and the other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation." FAC ¶ 32.  He also alleges, "During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the wages owed to them upon discharge or resignation." FAC ¶ 40.  As a result, Plaintiff alleges that "Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203." FAC ¶ 87.

33.    Section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days, and the accrual of these penalties "has nothing to do with the number of days an employee works during the month." *Mamika v. Barca,* 68 Cal. App. 4th 487, 492-93 (1998). As the "targeted wrong" addressed by Section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made"; therefore, "[a] proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

34.    Based on available data from similar lawsuits against DSPs in California that allege Amazon is a joint employer, there are at least 2,000 putative class members whose employment has terminated in the three years before the filing of the Complaint and the average hours worked per day is more than 8 hours per day.  Nickerson Decl. ¶¶ 4-5.  As of January 1, 2019, the California minimum wage rate was $12 per hour.  Amazon's conservative calculation of the amount in controversy for waiting time penalties is **$5,760,000** (2,000 terminated class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

10

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

1    members x $12 hourly rate x 8 hours per day x 30 days).

2    **4.    Plaintiff's Request for Attorneys' Fees Place Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.**

3

4    35.    Plaintiff seeks recovery of attorneys' fees.  *See* FAC ¶¶ 54, 80, 102, 110, 136, Prayer for Relief ¶¶ 8, 15, 26, 43, 49, 54.  Attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy").  "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

13    36.    The Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy.  *Fritsch*, 899 F.3d at 795 and 796, fn. 6.  Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy.  *See, e.g.*, *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, at *8 (C.D. Cal. Jan. 6, 2016); *Oda*, 2015 WL 93335, at *5-6. *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014) ("[T]he Court finds that using [the 25%] benchmark is the most appropriate way to calculate attorneys' fees in order to establish the amount in controversy for jurisdictional purposes.").

21    37.    Amazon denies Plaintiffs' claim for attorneys' fees.  However, for purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy.  *Fritsch*, 899 F.3d at 795 and 796, fn. 6.  Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy.

27    38.    Even though Amazon has already demonstrated by a preponderance of the

28

1    evidence that the amount in controversy exceeds $5,000,000, Amazon notes that the inclusion of

2    attorneys' fees would add at least another **$2,402,500** to the amount in controversy (25% of

3    $9,610,000), bringing the total amount in controversy to at least **$12,012,500**.

4        39.    Even if the 25% benchmark is not used, it is reasonable to assume that Plaintiffs'

5    potential future attorneys' fees place at least an additional $1,000,000 in controversy.  Plaintiffs'

6    attorneys have recently presented to courts in fee motions in class actions that their hourly rate is

7    between $525 and $650, and courts have awarded over $1 million in attorneys' fees in the

8    settlement of wage-and-hour class actions in cases involving Plaintiff's counsel.  *See*, *e.g.*,

9    *Jimenez v. Allstate Insurance Company, et al*., Central District of California Case No. 2:10-cv-

10   08486-JAK-FFM, ECF No. 362 (court approved hourly rate of $550 for attorney Douglas Han

11   and overall attorneys' fees award of $2,350,000); *Noriesta v. Konica Minolta Business Solutions*

12   *U.S.A., Inc.*, Central District of California Case No. 5:19-cv-00620-JGB-KK, ECF No. 52 (court

13   approved hourly rate of $650 for Douglas Han and $525 for Shunt Tavatos-Gharajeh); *Carranza*

14   *v. Dovex Fruit Company*, E.D. Washington Case No. 2:16-cv-00054-SMJ, ECF No. 108 (granting

15   final approval and approving a $525 hourly rate for Toby Marshall in 2019).

16       40.    Based on a conservatively estimated $566 per hour rate,[3] it would take 1,766

17   billable hours for Plaintiff's counsel to reach at least $1,000,000 in attorneys' fees in this action.

18   Litigating a wage and hour class action through trial could potentially exceed 1,766 hours.  *See*,

19   *e.g.*, *Ibarra v. Wells Fargo Bank, N.A*., 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018)

20   (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their

21   favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775);

22   *In re Taco Bell Wage and Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding

23   $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only

24   $288 per hour).  As such, Amazon's assumption that there are at least $1,000,000 in attorneys'

25   fees place in controversy by this wage and hour class action is reasonable.

26       41.    Thus, if the 25% benchmark method is not used, the total amount placed in

---

[3] $566 is the average of Mr. Han's approved hourly rate of $650 and the $525 hourly rate approved for Mr. Tavatos-Gharajeh and Mr. Marshall.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

12

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

controversy by Plaintiff's Complaint is at least **$10,610,000** ($9,610,000 as shown above + $1,000,000 in attorneys' fees).

#### D.      CAFA's Local Controversy Exception to Removal Does Not Apply.

42.     The "local controversy" exception to CAFA jurisdiction also does not apply because during the three-year period prior to the filing of this action, more than one "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . ." *See* 28 U.S.C. § 1332(d)(4)(A); *see also Chalian v. CVS Pharmacy, Inc.*, No. CV1608979ABAGRX, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11, 2017) (holding that the local controversy exception did not apply where similar class action lawsuits had been filed against defendants in the past three years).

43.     Courts have interpreted the language of 28 U.S.C. § 1332(d)(4)(A))(ii) broadly in order to narrowly apply the exception.  *See*, *e.g.*, *Laddi v. Soraya Motor Co.*, 2017 WL 7053651, No. C17-0287-JCC, at *3 (W.D. Wash., May 5, 2017) (explaining that the definition of "same or similar" class action should "be interpreted liberally" and that two prior class actions filed in California disqualified the local controversy exception); *Jadeja v. Redflex Traffic Sys, Inc.*, 2010 WL 4916413, at *2–3 (N.D. Cal., Nov. 22, 2010) (Plaintiff's contention that the prior class action filed outside California was dissimilar failed because "the plain language of the statute" focused on whether the factual allegations against the defendant were similar.).

44.     During the three-year period prior to the filing of this action, more than one similar wage and hour class action lawsuit has been filed against Amazon, negating application of the home state exception.[4]  *Martinez v. Darden Rests., Inc.*, 2015 WL 4480658, at *2 (C.D. Cal. July 22, 2015).

---

[4] *See*, *e.g.*, *Francisco Zuleta et al. v. Rapid Pasadena Services, et al.*, Los Angeles County Superior Court, Case No. 20STCV20163 (filed May 26, 2020); *Xola v. Full Package Delivery, LLC, Amazon Logistics, Inc.*, San Diego County Superior Court Case No. 37-2022-00006720-CU-OE-CTL (filed February 22, 2022); *Ortega v. Stelvio Transport, LLC, Amazon Logistics, Inc.*, San Bernardino County Superior Court Case No. CIV SB 2207825 (filed April 15, 2022); *Webb v. Rejoice Delivers LLC et al.*, Santa Clara County Superior Court Case No. 22CV401850 (filed August 9, 2022); *Prater v. On Courier 365 et al.*, San Mateo County Superior Court Case No. 20-CIV-02814 (filed August 23, 2022).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 44340892.5

13

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

1

## IV.     VENUE

2      45.      This action was originally filed in the California Superior Court for the County of

3  Santa Clara.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a),

4  because it encompasses the county in which this action has been pending.

5

## V.     NOTICE

6      46.      Amazon will promptly serve this Notice of Removal on all parties and will

7  promptly file a copy of this Notice of Removal with the clerk of the state court in which the

8  action is pending, as required under 28 U.S.C. § 1446(d).

9      47.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings,

10  and orders served" upon Amazon as well as other documents filed in the state court action are

11  filed concurrently with this Notice of Removal as exhibits hereto.

12

## VI.     CONCLUSION

13      Based on the foregoing, Amazon requests that this action be removed to this Court.  If any

14  question arises as to the propriety of the removal of this action, Amazon respectfully requests the

15  opportunity to present a brief and oral argument in support of its position that this case is subject

16  to removal.

17  Dated: November 16, 2022                     MORGAN, LEWIS & BOCKIUS LLP

18

19                                          By    /s/Sarah Zenewicz

20                                               Max Fischer
                                                 Sarah Zenewicz
21                                               Brian D. Fahy
                                                 Attorneys for Defendants
22                                               AMAZON.COM SERVICES LLC and
                                                 AMAZON LOGISTICS, INC.

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 44340892.5

14

AMAZON DEFENDANTS' NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]