UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN WEBB,<br><br>    Plaintiff,<br><br>v.<br><br>REJOICE DELIVERS LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-07221-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DISCOVERY ORDER**<br><br>Re: ECF No. 60 |

Presently before the Court is Plaintiff Ian Webb's ("Plaintiff") Motion for Relief from Discovery Order (the "Motion"). ECF No. 60. Plaintiff requests that the Court set aside the Order Denying Plaintiff's Motion to Compel Discovery (the "Discovery Order"), ECF No. 57, issued by Magistrate Judge Cousins on June 13, 2023. *Id.* at 1. Defendants Amazon Logistics, Inc., Amazon.com Services, LLC (together, "Amazon"), and Rejoice Delivers LLC ("Rejoice Delivers" and, with Amazon, "Defendants") oppose the Motion. ECF No. 68.

The Motion was originally set for hearing on January 18, 2024. *See* ECF No. 64. On August 2, 2023, the Court vacated the hearing and informed the parties that the Motion would be taken under submission upon the filing of Defendants' opposition. *Id.* at 1. For the following reasons, the Court DENIES the Motion.

**I.  BACKGROUND**

Plaintiff brought a putative class action against Defendants in California state court for violations of California's labor laws. First Am. Class Action Compl. ("FAC"), ECF No. 1-2. Rejoice Delivers answered the FAC in state court, *see* ECF No. 1-5, and Amazon then removed the case to federal court, *see* Not. of Removal, ECF No. 1, at 2.

In May 2023, Rejoice Delivers filed a Motion to Compel Individual Arbitration, Dismiss

1   Class Claims, and Dismiss or Stay Action (the "Motion for Arbitration").  Mot. for Arb., ECF No.
2   36.  Amazon joined the Motion for Arbitration, which is set for hearing on September 7, 2023.
3   Joinder, ECF No. 37; *see also* Order Striking Joinder in Part, ECF No. 38.  In the Motion for
4   Arbitration, Defendants argue that the Federal Arbitration Act (the "FAA") governs an arbitration
5   agreement signed by Plaintiff, and that the FAA's exemption for certain transportation workers,
6   *see* 9 U.S.C. § 1 ("FAA § 1"), does not apply to Plaintiff.  Mot. for Arb. 3–7.

7   On June 27, 2023, Plaintiff filed a discovery letter brief moving to compel discovery that
8   Plaintiff asserted was "relevant and necessary to establish [the FAA § 1] exemption" in his
9   opposition to the Motion for Arbitration.  Discovery Letter Brief, ECF No. 41, at 1.  Defendants
10  opposed Plaintiff's motion to compel discovery.  *See* ECF Nos. 49, 50.  Judge Cousins heard oral
11  argument on the discovery dispute on July 12, 2023.  *See* ECF No. 56.

12  Judge Cousins issued the Discovery Order the day after hearing, in which he noted the
13  Supreme Court's recent explanation that the FAA § 1 analysis turns on a worker's job duties,
14  rather than the employer's general business.  *See* Discovery Order 2 (citing *Sw. Airlines Co. v.*
15  *Saxon*, 142 S. Ct. 1783, 1788 (2022)).  Accordingly, Judge Cousins held that Plaintiff's document
16  requests and discovery topics—which sought information on (1) the "chain of transportation of the
17  Amazon packages delivered by Webb and the putative class members" and (2) the "alleged joint
18  employer relationship between Amazon and [Rejoice Delivery]," *id.* at 2–3—were "vastly
19  overbroad, irrelevant, disproportionate, and burdensome" because Plaintiff did not need broad-
20  ranging discovery to address the FAA § 1 "inquiry [that] is properly focused on what work
21  [Plaintiff] does, not what [Defendants] do generally," *id.* at 3.  Judge Cousins also held that
22  Plaintiff had failed to show why the "joint employer relationship" information was relevant to the
23  Motion for Arbitration (as opposed to a later stage of the case), and noted the Court's
24  disappointment with Plaintiff's insufficient meet and confer and dismay at Plaintiff's "failure to
25  propose any concrete compromises at the hearing to narrow the discovery requests."  *Id.* at 4.  The
26  Discovery Order "easily denied in its entirety" Plaintiff's motion to compel discovery.  *Id.*

27  Plaintiff filed his opposition to the Motion for Arbitration on July 20, 2023, *see* ECF No.
28  58, and filed the instant Motion on July 27, 2023, *see* ECF No. 60.

## II. LEGAL STANDARD

A district court must defer to "[a] non-dispositive order entered by a magistrate . . . unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). The clear error standard applies to a magistrate judge's factual determinations, and the magistrate's legal conclusions are reviewed for whether they are contrary to law. *See, e.g.*, *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citing *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir.1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir.1991)). "Pretrial orders of a magistrate under [§] 636(b)(1)(A) . . . are not subject to *de novo* determination." *Grimes*, 951 F.2d at 241 (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1014 (5th Cir. 1981)).

## III. DISCUSSION

Plaintiff argues that the Discovery Order erred in the following four ways: (1) failing to apply the correct legal standard for the FAA § 1 exemption; (2) mischaracterizing the breadth of Plaintiff's discovery requests and Plaintiff's meet and confer; (3) finding Plaintiff's deposition topics disproportionate and burdensome; and (4) finding the discovery sought irrelevant. Mot. 3–5. Plaintiff asserts that each of these errors is a matter of law. *Id.* Plaintiff also requests that it be "granted discovery related to Defendants' [Motion for Arbitration]" "to the extent necessary to hear Defendants' motion on a full evidentiary record." *Id.* at 5.

### A. Legal Standard for FAA § 1 Analysis

The Federal Arbitration Act exempts from its purview "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Plaintiff first contends that the Discovery Order "erroneously states that *Saxon* 'reject[ed] an industrywide approach to assess the [] exemption.'" Mot. 3 (citing Discovery Order 2:14–17, 3:20–24). As noted by Defendants, the Discovery Order's statement is not erroneous—in fact, it restates nearly verbatim the Supreme Court's phrasing in *Saxon*. *Compare Saxon*, 142 S. Ct. at 1788 ("The Court of Appeals rejected Saxon's industrywide approach, [] and so do we.") (internal citation omitted), *with* Discovery Order 2 ("[T]he Supreme

3

1   Court rejected the 'industrywide approach' argued by Saxon.").

2   Plaintiff next argues that the Discovery Order was counter to the legal standard described
3   in the Ninth Circuit's later-issued decision in *Carmona Mendoza v. Domino's Pizza, LLC*. Mot. 3.
4   In making this argument, Plaintiff appears to have read the Discovery Order as holding that
5   "evidence relating to the interstate transportation of the packages actually delivered by the putative
6   class members," as informed by the business of the employer, is wholly irrelevant to the FAA § 1
7   analysis. *See id*. Such a holding would indeed be incorrect. Both *Carmona* and *Saxon* describe,
8   though briefly, the business of the employer to establish the FAA § 1 requirement that interstate or
9   foreign commerce be at issue. *See Saxon*, 142 S. Ct. at 1787 ("In 2019, Southwest [Airlines]
10  carried the baggage of over 162 million passengers to domestic and international destinations.");
11  *Carmona*, 73 F.4th 1135, 1136 (9th Cir. 2023) ("As relevant to this case, Domino's buys []
12  ingredients from suppliers outside of California, and they are then delivered to Domino's Southern
13  California Supply Chain Center."). Accordingly, there must be some threshold showing, informed
14  by the business of the employer, that the worker's actions under analysis are in fact part of a chain
15  of commerce in which goods cross state or country boundaries. With this standard in mind, the
16  Court turns to the Discovery Order.

17  The Discovery Order states that FAA § 1 requires that workers be "engaged in foreign or
18  interstate commerce"; notes the Supreme Court's finding in *Saxon* that the employer operated
19  "planes traveling in interstate commerce" and the Court's "rejection of an industrywide approach
20  to assess the FAA [§] 1 exemption"; and emphasizes that the "inquiry is properly focused on what
21  work [Plaintiff] does." Discovery Order 2–3. The Court finds no error in these statements. *See*
22  *Carmona*, 73 F.4th at 1137 (stating that the "central inquiry" of the post-*Saxon* FAA § 1 analysis
23  "what the relevant class of workers actually did"); *id*. at 1138 (finding its pre-*Saxon* reasoning
24  consistent with the standard articulated in *Saxon* because "[a]lthough we noted that the 'nature of
25  the business for which a class of workers performed their activities' was a 'critical factor' in the
26  [FAA] § 1 analysis, [] *we in the end focused heavily on what the class of workers to which the*
27  *plaintiffs belonged actually did*") (emphasis added). However, to the extent the Discovery Order
28  did not precisely capture—or at least, explicitly state—that the business of the employer informs

4

1   whether the goods traverse state or foreign boundaries, the Court now turns to consider whether a
2   clearer articulation of the standard engenders a different result.

### B. Breadth, Proportionality, and Relevance

The Discovery Order provides a representative example of Plaintiff's discovery requests indicating that Plaintiff sought all documents showing the addresses of origin for packages delivered for Defendants by Rejoice Delivers drivers in California from August 9, 2018, to the present. Discovery Order 3. Plaintiff does not contest the characterization of this request as being representative. *See generally* Mot. Expressly considering that the general business of the employer provides context for the actual duties of the affected class of workers, the Court finds the Discovery Order correctly concluded that the requested discovery was vastly overbroad and not proportional. *See* Discovery Order 3. Plaintiff requested such a granular level of discovery— "every fish in the Pacific Ocean from the last five years," *id.*—that even a representative sample of his requests, *see* Mot. 3, is not in accordance with the standard articulated by the Supreme Court in *Saxon* and applied by the Ninth Circuit in *Carmona*. By contrast, both cases describe in a single sentence how the employer's business generally involved goods crossing state lines. *See Saxon*, 142 S. Ct. at 1787; *Carmona*, 73 F.4th at 1136. Thus, although the business of the employer is relevant to showing interstate commerce is at issue under FAA § 1, there was no error in the Discovery Order's finding that Plaintiff's discovery requests were overbroad and disproportionate.

### C. Meet and Confer

Plaintiff argues that the Discovery Order "erred regarding . . . Plaintiff's Meet and Confer." Mot. 3. The Discovery Order's only statement regarding Plaintiff's meet and confer was its note that it was "disappointed by [Plaintiff's] meet and confer before the motion." Discovery Order 4. Plaintiff also appears to contest the Discovery Order's statement that Plaintiff "fail[ed] to propose any concrete compromises at the hearing to narrow the discovery requests" by stating that Plaintiff had offered compromises prior to filing the motion to compel. Mot. 3. Plaintiff also states he could not provide "specific quantities" at the hearing because an overall production estimate was necessary to determine a sample size. *Id.*

The Discovery Order was not premised on either statement, so there is no relief to be

granted with respect to them. *See* Discovery Order 3 ("The fundamental problem is that [Plaintiff] has disregarded the Supreme Court's rejection of an industrywide approach to assess the FAA Section 1 exemption.") (citation omitted). Additionally, the Discovery Order's brief references to the meet and confer and lack of concrete compromises do not constitute a holding or legal conclusion. At best, they are factual determinations, and Plaintiff has not shown a clear error in these statements.

## IV. ORDER

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Relief from Discovery Order. If at the hearing on the Motion for Arbitration it becomes clear that further limited discovery is necessary for the Court to determine the FAA § 1 exemption, Plaintiff may renew his request.

**IT IS SO ORDERED.**

Dated: August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge