UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IAN WEBB, individually and on behalf of other members of the general public similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>REJOICE DELIVERS LLC, a California limited liability company; AMAZON LOGISTICS, INC., a Delaware Corporation; and AMAZON.COM SERVICES, LLC, a Delaware limited liability company,<br><br>   Defendants. | Case No. 22-cv-07221-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; AND VACATING MAY 22, 2025 HEARING**<br><br>[Re: ECF 138] |

  Defendants Amazon Logistics, Inc. and Amazon.com Services, LLC ("Amazon Defendants"), joined by Defendant Rejoice Delivers LLC ("Rejoice"), move to stay discovery pending a ruling on their motion to dismiss and strike the third amended complaint ("TAC").[1] *See* Defs.' Mot. to Stay, ECF 138; Joinder, ECF   The motion to dismiss and strike is set for hearing on March 20, 2025, so the requested stay would be of short duration.

  The motion to stay discovery is fully briefed, and is suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). The hearing on the motion to stay discovery, previously scheduled for May 22, 2025, is VACATED.

  The motion to stay discovery is GRANTED.

---

[1] The TAC is miscaptioned as the "Second Amended Complaint." *See* TAC, ECF 119.

**I.    BACKGROUND**

Plaintiff Webb filed this putative class action in the Santa Clara County Superior Court in August 2022, asserting wage and hour claims against his former employer, Rejoice.  *See* Notice of Removal Ex. A (Compl.), ECF 1-1.  Webb filed a first amended complaint in state court in October 2022, adding the Amazon Defendants as alleged joint employers.  *See* Notice of Removal Ex. B (First Amended Compl.), ECF 1-2.  The Amazon Defendants removed the action to federal district court in November 2022.  *See* Notice of Removal, ECF 1.

In December 2023, the Court denied Defendants' motion to compel individual arbitration, dismiss class claims, and stay the action.  *See* Order Denying Mot. to Compel Arb., ECF 84.  The Court approved the parties' stipulation for a stay of proceedings pending Defendants' appeal of the denial of arbitration.  *See* Order Granting Joint Stip., ECF 87.  Defendants voluntarily dismissed the appeal, and this Court lifted the stay in May 2024.  *See* Order Lifting Stay, ECF 96.

Webb filed a second amended complaint ("SAC") in August 2024, and filed the operative TAC on November 15, 2024.  *See* SAC, ECF 105; TAC, ECF 119.  The TAC asserts nine claims against Defendant Rejoice and the Amazon Defendants:  (1) unpaid overtime, Cal. Lab. Code §§ 510, 1198; (2) unpaid meal period premiums, Cal. Lab. Code §§ 226.7, 512(a); (3) unpaid rest period premiums, Cal. Lab. Code § 226.7; (4) unpaid minimum wages, Cal. Lab. Code §§ 1194, 1197; (5) final wages not timely paid, Cal. Lab. Code §§ 201, 202; (7) unreimbursed business expenses, Cal. Lab. Code §§ 2800, 2802; (8) collection of due and unpaid wages, Cal. Lab. Code § 229; and (9) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

The Amazon Defendants, joined by Defendant Rejoice, have filed a motion to dismiss and strike the TAC, which is set for hearing on March 20, 2025.  *See* Defs.' Mot. to Dismiss, ECF 124; The Amazon Defendants, joined by Defendant Rejoice, now move to stay the case pending disposition of the motion to dismiss and strike.  *See* Defs.' Mot. to Stay, ECF 138; Def.'s Joinder, ECF 139.

**II.    LEGAL STANDARD**

While the Federal Rules of Civil Procedure do not provide for an automatic stay of discovery during the pendency of a potentially dispositive motion, district courts have discretion

1    to issue protective orders relating to discovery, including orders staying discovery, for "good
2    cause." Fed. R. Civ. P. 26(c); *see also Tavantzis v. Am. Airlines, Inc.*, No. 23-CV-05607-BLF,
3    2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024). "Courts in this district have applied a two-
4    pronged test to determine whether discovery should be stayed pending resolution of a dispositive
5    motion." *Id*. (collecting cases). The district court must determine: (1) whether a pending motion
6    is potentially dispositive of the case, or at least the issue as to which a stay of discovery is
7    requested; and (2) whether the pending motion can be decided without additional discovery. *See*
8    *id.* If the district court answers both questions in the affirmative, it may stay discovery. *See id.* If
9    either prong is not established, discovery will proceed. *See id.*

10   In applying this two-pronged test, the district court must take a "preliminary peek" at the
11   merits of the pending motion to assess whether a stay is warranted. *See Tavantzis*, 2024 WL
12   812012, at *1. District courts in this circuit sometimes also consider whether a stay of discovery
13   will promote efficiency or conserve the parties' resources. *See id.* "[E]ngaging in discovery prior
14   to adjudication of a strong motion to dismiss would represent a potential waste of resources." *Id*.
15   (internal quotation marks and citation omitted).

16   "Under the liberal discovery principles of the Federal Rules," the party seeking a discovery
17   stay is "required to carry a heavy burden of showing why discovery [should be] denied."
18   *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Tavantzis*, 2024 WL
19   812012, at *1.

20   **III.   DISCUSSION**

21   The Amazon Defendants ask the Court to stay discovery pending disposition of their
22   motion to dismiss and strike the TAC, asserting that despite having failed to allege *any* facts
23   showing that the Amazon Defendants are joint employers of Webb or class members, Webb has
24   sought extensive discovery from the Amazon Defendants regarding a proposed class period going
25   back seven years. Defendant Rejoice joins in the motion to stay on the ground that the pending
26   motion to dismiss and strike will determine whether Plaintiff Webb may proceed on individual
27   and/or class claims. Plaintiff Webb asserts that a discovery stay would be prejudicial, because he
28   needs discovery to file a motion for class certification.

On the first prong of the applicable test, the Court finds that the pending motion is potentially dispositive of the case as a whole, or at least the class claims. The Amazon Defendants argue that the TAC does not allege *any facts* supporting Plaintiff Webb's theory that they were joint employers, and after taking a "preliminary peek" at the motion the Court concludes that the Amazon Defendants may prevail on that argument.

On the second prong of the test, the Court finds that the pending motion may be decided without additional discovery. The motion attacks Plaintiff Webb's claims and class allegations on their face under the standards set forth under Federal Rules of Civil Procedure 12(b)(6) and 12(f). No discovery is necessary for the Court to evaluate the motion.

Because the requested stay would be of short duration – the motion to dismiss and strike the TAC is set for hearing in two weeks – the stay would aid judicial efficiency and conserve the parties' resources. If Plaintiff Webb's claims and/or class allegations may be dismissed with prejudice, there would be no point in requiring Defendants to respond to discovery.

With respect to Webb's argument that a discovery stay would prejudice him because of the impending deadline to file a motion for class certification, that deadline is January 16, 2026, approximately ten months after the hearing on the pending motion to dismiss or strike. *See* Order Approving Stipulation, ECF 137. In the event the Court denies the pending motion in whole or in part, or grants it with leave to amend, Plaintiff Webb will have ample time to conduct discovery before filing a motion for class certification.

The Court finds that the Amazon Defendants have carried their heavy burden to show good cause for the requested discovery stay.

## IV.  ORDER

(1) The motion for a stay of discovery pending disposition of the pending motion to dismiss and strike the TAC is GRANTED, and the hearing previously scheduled for May 22, 2025, is VACATED; and

(2) This order terminates ECF 138.

Dated:  March 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge