UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IAN WEBB, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REJOICE DELIVERS LLC, a California limited liability company; AMAZON LOGISTICS, INC., a Delaware Corporation; and AMAZON.COM SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 22-cv-07221-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART; DENYING AS MOOT ALTERNATIVE MOTION TO STRIKE; AND EXTENDING DISCOVERY STAY**<br><br>[Re: ECF 24] |

Plaintiff Ian Webb brings this putative class action against his former employer, Defendant Rejoice Delivers LLC ("Rejoice"), for alleged unfair business practices and violations of wage and hour laws. Plaintiff asserts the same claims against Defendants Amazon Logistics, Inc. and Amazon.com Services, LLC (collectively, "Amazon") on the theory that Rejoice and Amazon were joint employers.

Before the Court is a motion to dismiss the third amended complaint ("TAC")[1] under Federal Rule of Civil Procedure 12(b)(6), filed by Amazon and joined by Rejoice (collectively, "Defendants"). Defendants also move to dismiss the class allegations under Rule 12(b)(6) or, in the alternative, to strike the class allegations under Rule 12(f). The Court heard oral argument on March 20, 2025.

---

[1] The TAC is miscaptioned as the "Second Amended Complaint." See TAC, ECF 119.

1     For the reasons stated on the record at the hearing and discussed below, the motion to dismiss the claims and class allegations in the TAC is GRANTED WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART, and the alternative motion to strike is DENIED AS MOOT.

**I.    BACKGROUND**

Plaintiff filed this putative class action in the Santa Clara County Superior Court in August 2022, asserting claims for unfair competition and violations of the California Labor Code against his former employer, Rejoice. *See* Notice of Removal Ex. A (Compl.), ECF 1-1. Plaintiff filed a first amended complaint in state court in October 2022, adding Amazon on the theory that Rejoice and Amazon were joint employers of Plaintiff and the putative class. *See* Notice of Removal Ex. B (First Amended Compl.), ECF 1-2. Amazon removed the action to federal district court in November 2022. *See* Notice of Removal, ECF 1.

Although the case was removed more than two years ago, the Court has not previously had occasion to consider the adequacy of Plaintiff's claims. Immediately after removal, Defendants moved to compel individual arbitration of Plaintiff's claims, dismiss the class claims, and dismiss or stay the action. *See* Defs.' Mot. to Compel Arb., ECF 36. The Court denied that motion in December 2023, and granted the parties' stipulated request for a stay pending Defendants' appeal of the denial of arbitration. *See* Order Denying Mot. to Compel Arb., ECF 84; Order Granting Joint Stip., ECF 87. The Court lifted the stay in May 2024, after Defendants voluntarily dismissed the appeal. *See* Order Lifting Stay, ECF 96.

Plaintiff filed a second amended complaint ("SAC") in August 2024, and filed the operative TAC on November 15, 2024. *See* SAC, ECF 105; TAC, ECF 119. The TAC alleges that Plaintiff and the putative class members were "hourly-paid, non-exempt employees" of Defendant Rejoice within the State of California, who were "jointly employed" by Amazon. *See* TAC ¶ 15. No further details are provided regarding the employment relationship. Even after reading the TAC closely, the Court cannot tell based on the allegations therein what job Plaintiff held, what jobs the putative class members held, whether Plaintiff and the putative class members had the same job classification, or what role Amazon played in the employment relationship.

1  The asserted violations of the Labor Code are set forth in the form of conclusory, boilerplate allegations. The TAC alleges that, "Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and the other class members," TAC ¶ 38; "Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked," *id*. ¶ 39; "Defendants failed to pay Plaintiff and the other class members the wages owed to them upon discharge or resignation," *id*. ¶ 40; "Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members," *id*. ¶ 41; "Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses," *id*. ¶ 42; "Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members," *id*. ¶ 43; and "Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits, *id*. ¶ 44. No facts are provided to support those bare assertions.

The TAC asserts nine claims: (1) unpaid overtime, Cal. Lab. Code §§ 510, 1198; (2) unpaid meal period premiums, Cal. Lab. Code §§ 226.7, 512(a); (3) unpaid rest period premiums, Cal. Lab. Code § 226.7; (4) unpaid minimum wages, Cal. Lab. Code §§ 1194, 1197; (5) final wages not timely paid, Cal. Lab. Code §§ 201, 202; (6) non-compliant wage statements, Cal. Lab. Code § 226(a); (7) unreimbursed business expenses, Cal. Lab. Code §§ 2800, 2802; (8) collection of due and unpaid wages, Cal. Lab. Code § 229; and (9) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

Defendants move to dismiss all claims under Rule 12(b)(6). Defendants also move to dismiss the class allegations under Rule 12(b)(6) or, in the alternative, to strike them under Rule 12(f).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light

3

1  most favorable to the nonmoving party." *Id*.  While a complaint need not contain detailed factual
2  allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief
3  that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.
4  v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads
5  factual content that allows the court to draw the reasonable inference that the defendant is liable
6  for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

7  "Generally, compliance with Rule 23 is not to be tested by a motion to dismiss for failure
8  to state a claim." *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8
9  (N.D. Cal. Oct. 6, 2021) (internal quotation marks and citation omitted).  However, "district courts
10 do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the
11 complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of
12 class allegations." *Id*.

### B. Rule 12(f)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### III. DISCUSSION

Defendants move to dismiss all claims in the TAC under Rule 12(b)(6).  Defendants also move to dismiss the class allegations under Rule 12(b)(6) or, in the alternative, to strike the class allegations under Rule 12(f).

At the hearing, the Court advised Plaintiff's counsel that the TAC is wholly inadequate. The Court pointed out that the TAC does not even allege what job Plaintiff performed while employed by Rejoice and – allegedly – by Amazon as a joint employer.  The Court also discussed with Plaintiff's counsel numerous other deficiencies in the TAC, including the allegations against "Defendants" generally without distinguishing between Rejoice and Amazon; the failure to allege any facts supporting the allegation that Amazon was a joint employer; the failure to allege any

4

facts regarding the alleged Labor Code violations; and the failure to allege that Plaintiff lacks an adequate remedy at law as required to maintain the UCL claim.

Plaintiff's counsel conceded the inadequacy of the TAC at the hearing and requested leave to amend. The Court indicated that it would grant the motion to dismiss the claims and class allegations, with leave to amend except as to Plaintiff's claims under California Labor Code § 229 and the UCL. The Court also advised that it would extend the discovery stay until the filing of the fourth amended complaint.

Given its colloquy with Plaintiff's counsel at the hearing, the Court discusses the deficiencies in the TAC only briefly in this order.

### A. Failure to Differentiate between Defendants

Defendants move to dismiss the TAC on the ground that it alleges wrongdoing by "Defendants" collectively, without distinguishing between Rejoice and Amazon. *See* TAC ¶¶ 19-44. "[G]roup pleading does not provide Defendants fair notice of the claims against them." *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1019 (S.D. Cal. 2018). "[A] plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each." *Andrade v. Arby's Rest. Grp., Inc.*, No. 15-CV-03175 NC, 2015 WL 6689475, at *2 (N.D. Cal. Nov. 3, 2015) (internal quotation marks and citation omitted); *see also Terrell v. Samuel, Son & Co. (USA)*, No. EDCV 20-587 JGB (KKx), 2020 WL 5372107, at *3 (C.D. Cal. Apr. 23, 2020) ("Plaintiff cannot establish how or why each Defendant was a joint employer because Plaintiff's allegations against Defendants are entirely undifferentiated.").

Plaintiff's TAC is subject to dismissal in its entirety for failure to allege facts showing that each Defendant was an employer and that each Defendant engaged in the alleged violations of the California Labor Code.

### B. Failure to Plead Facts Supporting Alleged Labor Code Violations

Defendants move to dismiss Claims 1-8, for violations of various provisions of the California Labor Code, on the ground that those claims are comprised entirely of conclusory, boilerplate allegations. The Court agrees. The TAC does not contain a single fact specific to the

5

conduct of any Defendant or the experience of Plaintiff in particular. To highlight one example, the TAC alleges that "Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses," but fails to allege what expenses Plaintiff incurred, why they were reimbursable, and the circumstances of Defendants' refused to provide reimbursement. *See* TAC ¶ 42. The generalized allegations set forth in the TAC are insufficient to support Plaintiff's claims for wage and hour violations. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (finding "generalized allegations asserting violations of the minimum wage and overtime provisions" insufficient to state a claim); *see also Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) ("Appellants failed to plead sufficiently their claims for failure to pay wages owed upon termination or resignation, inaccurate wage statements, and unfair business practices because each claim provides only conclusory allegations reciting the statutory elements.").

Claims 1-8 are subject to dismissal for failure to allege any facts in support of the alleged violations of the California Labor Code.

### C.     Claim 8 under California Labor Code § 229

Defendants move to dismiss Claim 8, for collection of due and unpaid wages under California Labor Code § 229, on two grounds. First, Defendants assert that § 229 does not give rise to a private right of action. Second, Defendants argue that Plaintiff's claim under § 229 is duplicative of his claims under other provisions of the California Labor Code. Plaintiff's opposition does not address Defendants' arguments with respect to Claim 8 and therefore concedes them.

"As a general matter, a private right of action exists if the statute, in clear, understandable, unmistakable terms, indicates an intent to create such a right." *Guerra v. United Nat. Foods, Inc.*, No. 19-CV-01684-BLF, 2019 WL 13203781, at *8 (N.D. Cal. Nov. 8, 2019) (internal quotation marks, citation, and brackets omitted). Section 229 reads as follows:

> Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate. This section shall not apply to claims involving any dispute concerning the interpretation or application of any collective bargaining agreement containing such an arbitration agreement.

1  Cal. Labor Code § 229. The statute does not list the elements of a claim or specify a remedy or
2  means for enforcement. *See id.*
3  Even if the Court were to find that § 229 gives rise to a private right of action, Plaintiff's
4  claim under § 229 is entirely derivative of, and duplicative of, his other claims under the
5  California Labor Code.
6  For the foregoing reasons, and in light of Plaintiff's failure to oppose dismissal of his claim
7  under § 229, the Court finds that Claim 8 is subject to dismissal.

   **D.     Claim 9 under California Business Code § 17200**

Defendants move to dismiss Claim 9, brought under California's UCL, on the ground that the claim is grounded in Defendants' alleged violations of the California Labor Code and Plaintiff has not alleged that he lacks adequate legal remedies for those alleged violations. A plaintiff suing under the UCL must establish the lack of adequate remedy at law before securing equitable restitution for past harm. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Because Plaintiff's UCL claim is predicated on the identical wage and hour violations alleged in Plaintiff's first through eighth claims, Plaintiff has not and cannot allege that his legal remedies are inadequate. *See Franckowiak v. Scenario Cockram USA, Inc.*, No. CV 20-8569-JFW(PVCX), 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020). Moreover, to the extent Plaintiff seeks injunctive relief, he lacks standing because he is no longer employed by Defendants. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011).

Accordingly, the Court finds that Claim 9 is subject to dismissal.

   **E.     Class Allegations**

Defendants move to dismiss Plaintiff's class allegations under Rule 12(b)(6) or, in the alternative, to strike them under Rule 12(f). As Defendants point out, the TAC is devoid of any facts regarding the existence of a policy or procedure that could support a plausible inference that all California non-exempt employees of Rejoice and Amazon suffered violations of the California Labor Code. The Court finds that this is one of the rare cases in which dismissal of class allegations under Rule 12(b)(6) is appropriate, because "the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Mish*,

2021 WL 4592124, at *8 (internal quotation marks and citation omitted).

The Court will grant the motion to dismiss the class allegations in the TAC under Rule 12(b)(6) and will deny as moot the alternative motion to strike the class allegations in the TAC under Rule 12(f).

### F.     Leave to Amend

Having concluded that the claims and class allegations in the TAC are subject to dismissal, the Court must determine whether leave to amend is appropriate.  Leave ordinarily must be granted unless one or more of the following factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

There is no evidence of undue delay in this court (first factor), bad faith (second factor), failure to cure deficiencies (third factor), or undue prejudice to Defendants (fourth factor).  Therefore, leave to amend turns on whether amendment would be futile (fifth factor).  The Court finds that amendment would not be futile as to Claims 1-7, as Plaintiff's counsel indicated at the hearing that additional facts could be alleged with respect to those claims.  Plaintiff's counsel also represented that the class allegations could be amended.

However, the Court finds that amendment would be futile as to Claims 8-9.  With respect to Claim 8, it does not appear that a private right of action exists under § 229, and that claim is wholly duplicative of Plaintiff's other claims for violation of the California Labor Code.  With respect to Claim 9, it does not appear that Plaintiff could amend to allege the lack of a remedy at law for the violations of the California Labor Code that underpin his UCL claim.

Accordingly, leave to amend will be granted as to Claims 1-7 and as to the class allegations, but leave to amend will be denied as to Claims 8-9.

//

//

//

**IV.  ORDER**

(1) The motion to dismiss the TAC is GRANTED as to all claims and class allegations, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART, as follows:

　(a) Leave to amend is GRANTED as to Claims 1-7, and as to the class allegations; and

　(b) Leave to amend is DENIED as to Claims 8 and 9.

(2) Plaintiff SHALL file the fourth amended complaint within 14 days after the date of this order, by April 15, 2025.  Leave to amend is limited to deficiencies in Claims 1-7 and in the class allegations.  Plaintiff may not add new claims or parties without express leave of the Court.

(3) The discovery stay is EXTENDED through the filing of the fourth amended complaint, at which time it shall be lifted without further action by the Court.  Defendants may file a renewed motion for a stay of discovery if appropriate.

(4) This order terminates ECF 124.

Dated:  April 1, 2025

　　　　　　　　　　　　　　　　　　　_____
BETH LABSON FREEMAN
United States District Judge