**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IAN WEBB, individually and on behalf of other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>REJOICE DELIVERS LLC, a California limited liability company; AMAZON LOGISTICS, INC., a Delaware Corporation; and AMAZON.COM SERVICES, LLC, a Delaware limited liability company,<br><br>  Defendants. | Case No. 22-cv-07221-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART**<br><br>[Re: ECF 152, 153] |

Plaintiff Ian Webb ("Webb") was employed as a delivery driver for Defendant Rejoice Delivers LLC ("Rejoice"), which dispatched him to warehouses operated by Defendants Amazon Logistics, Inc. ("Amazon Logistics") and Amazon.com Services, LLC ("Amazon.com") to pick up and deliver packages. *See* Fourth Am'd Compl. ("4AC") ¶ 13, ECF 147. Webb claims that he was required to work through his meal and rest breaks, and was not paid for that work or for overtime when he worked more than eight hours a day. *See id.* ¶¶ 33-35. He brings this putative class action for violations of California's wage and hour laws against Rejoice, and also against Amazon Logistics and Amazon.com under theory that the Amazon entities jointly employed him along with Rejoice.

Before the Court is a motion to dismiss Webb's fourth amended complaint under Federal Rule of Civil Procedure 12(b)(6), brought by Amazon Logistics and Amazon.com and joined by Rejoice. *See* Mot., ECF 152; Joinder, ECF 153. Oral argument was heard on July 17, 2025. *See* Minute Entry, ECF 160. The motion is GRANTED WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.

## I. BACKGROUND

Rejoice had an arrangement with Amazon Logistics and Amazon.com under which Rejoice would hire delivery drivers and dispatch them to perform work for Amazon Logistics and Amazon.com. *See* 4AC ¶ 22. Webb worked for Rejoice as a delivery driver for one month,[1] during which his "job duties included loading up an Amazon van with packages, driving the van around to deliver the packages, and pre- and post-trip inspections." *See id.* ¶ 5. He alleges that during that period, Amazon Logistics and Amazon.com jointly employed him along with Rejoice. *See id.* ¶ 9.

Rejoice issued Webb's paystubs and wage statements, set Webb's work schedule, and dispatched Webb to Amazon warehouses to pick up packages for delivery. *See* 4AC ¶¶ 13, 26. Amazon Logistics and Amazon.com could make recommendations to Rejoice regarding a driver's performance, but Rejoice had the authority to terminate its drivers. *See id.* ¶¶ 14, 25.

Amazon Logistics and Amazon.com provided, and requested that Webb and other drivers use, uniforms and vans marked with the Amazon logo. *See* 4AC ¶ 27. Amazon Logistics and Amazon.com maintained records of Webb's time via the "Amazon Flex app," which appears to be an app used by drivers to access assignments and delivery routes. *See id.* ¶¶ 13, 23. Amazon Logistics and Amazon.com scheduled drivers' meal breaks through the Amazon Flex app, and locked drivers out of the app during their scheduled meal periods. *See id.* ¶¶ 13, 23. Amazon Logistics and Amazon.com set a minimum number of packages that Webb and other drivers needed to deliver each day, which Webb refers to as a "quota." *See id.* ¶¶ 13, 26.

---

[1] Webb alleges that he was employed "from approximately November 2020 to January 2021," 4AC ¶ 5, but at the hearing Rejoice's counsel clarified that the employment period was only four weeks, and Webb's counsel did not dispute that clarification.

1    Webb alleges that he would be reprimanded and written up by "Defendants" if he returned
2    to the warehouse at the end of a workday with packages in the van. *See* 4AC ¶ 71. For that
3    reason, Webb often worked through his meal and rest breaks even when prompted to take them by
4    the Amazon Flex app, and knowing he was clocked-out during those break periods. *See id.* Webb
5    claims that when he and other drivers tried to take meal and rest breaks, "dispatch" called to ask
6    why their vans were stopped. *Id.* ¶ 80. Webb does not allege whether the "dispatch" employees
7    who made those calls worked for Rejoice, Amazon Logistics, or Amazon.com. *See id.*

   Webb sues Rejoice, Amazon Logistics, and Amazon.com for state law wage and hour violations on behalf of himself and a putative class. In earlier versions of his pleading, Webb sought to represent a class of *all* hourly-paid, non-exempt employees who performed services for Amazon Logistics and/or Amazon.com and were paid by *any* contracted delivery service provider in California. *See* Second Am'd Compl. ¶ 15, ECF 105. In prior orders, the Court found the class definition to be overbroad. In the operative fourth amended complaint ("4AC"), Webb has limited the proposed class to:

> All hourly-paid, non-exempt employees of Defendant Rejoice Delivers LLC, within the State of California at any time during the period from August 9, 2018 to final judgment, who Plaintiff alleges were jointly employed by Defendants Amazon Logistics, Inc. and Amazon.com Services, LLC

4AC ¶ 16. As discussed below, the class definition is still quite broad, as it does not limit the putative class to delivery drivers.

   The 4AC asserts the following claims against Rejoice, Amazon Logistics, and Amazon.com on behalf of Webb and the putative class: (1) failure to pay overtime wages under California Labor Code §§ 510 and 1198; (2) failure to provide meal periods under California Labor Code § 226.7; (3) failure to provide rest periods under California Labor Code § 226.7; (4) failure to pay minimum wages under California Labor Code §§ 1194 and 1197; (5) waiting time penalties under California Labor Code 203; (6) wage statement violations under California Labor Code § 226; and (7) failure to reimburse expenses under California Labor Code § 2802.

   Amazon Logistics and Amazon.com, joined by Rejoice, move to dismiss all claims and the class allegations.

## II. LEGAL STANDARD

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Generally, compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021) (internal quotation marks and citation omitted). However, "district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly*/*Iqbal* standard, where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations." *Id*.

## III. DISCUSSION

Amazon Logistics and Amazon.com, joined by Rejoice, move to dismiss all claims of the 4AC, arguing that: (1) Webb has failed to allege facts sufficient to make out a plausible claim of joint employer liability against Amazon Logistics and Amazon.com; (2) Claim 1 for failure to pay overtime wages under California Labor Code §§ 510 and 1198, and Claim 4 for failure to pay minimum wages under California Labor Code §§ 1194 and 1197, are not adequately pled; (3) Claims 2 and 3 for failure to provide meal and rest periods under California Labor Code § 226.7 are not adequately pled; (4) Claim 5 for waiting time penalties under California Labor Code 203 falls with the other claims; (5) Claim 6 for wage statement violations under California Labor Code § 226 falls with the other claims; and (6) Claim 7 for failure to reimburse business expenses under California Labor Code § 2802 is not adequately pled. Amazon Logistics and Amazon.com also argue that Webb has failed to plausibly allege facts showing that Rule 23 requirements can be met as to the alleged putative class.

4

In opposition, Webb argues that he has alleged facts sufficient to support his theory of joint employer liability against Amazon Logistics and Amazon.com, Claims 1-7 are adequately pled, and the pleading adequately alleges the putative class.

### A. Allegations that Amazon Logistics and Amazon.com were Joint Employers

Amazon Logistics and Amazon.com argue that Webb has not alleged facts showing that either of them was his joint employer. Webb argues that he has alleged sufficient facts.

Under California law, the definition of employment is governed by the California Industrial Welfare Commission's ("IWC"). *See Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010). The IWC provides three alternative definitions of "to employ":  "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Id*.

Most allegations of the 4AC are directed to "Defendants" without distinguishing between Rejoice, Amazon Logistics, and Amazon.com. *See, e.g.*, 4AC ¶ 28 ("Defendants had the authority to supervise Plaintiff and the other class members' daily employment activities. . . ."); ¶ 29 ("Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members."). Allegations regarding conduct by "Defendants" collectively are not sufficient to show the necessary control by Amazon Logistics and Amazon.com. *See Terrell v. Samuel, Son & Co. (USA)*, No. EDCV 20-587 JGB (KKx), 2020 WL 5372107, at *3 (C.D. Cal. Apr. 23, 2020) ("Here, Plaintiff cannot establish how or why each Defendant was a joint employer because Plaintiff's allegations against Defendants are entirely undifferentiated.").

To the extent Webb attributes specific actions to particular defendants, it appears that Rejoice, not Amazon Logistics or Amazon.com, exercised control over Webb's wages, hours and working conditions. Rejoice had an arrangement with Amazon Logistics and Amazon.com under which drivers hired by Rejoice would be dispatched to, and provide services for, Amazon Logistics and Amazon.com. *See* 4AC ¶ 22. Rejoice issued Webb's paystubs and wage statements, set Webb's work schedule, and dispatched Webb to Amazon warehouses to pick up packages for delivery. *See id*. ¶¶ 13, 26. Rejoice had authority to terminate Webb. *See id.* ¶ 25.

Webb attributes very few actions specifically to Amazon Logistics and Amazon.com. And even when he does, he fails to distinguish between the two. Allegations that lump multiple defendants together are inadequate – Webb must allege facts showing that *each* Defendant had sufficient control over Webb's wages, hours and working conditions to be a joint employer. *See Terrell*, 2020 WL 5372107, at *3. In its order dismissing the third amended complaint, the Court expressly directed Webb to cure this defect. *See* Order at 5, ECF 146.

Webb's only substantive allegations against Amazon Logistics and Amazon.com are as follows: "Defendants AMAZON LOGISTICS, INC. and AMAZON.COM SERVICES, LLC provided and requested Plaintiff and the other class members with uniforms to wear and vans to drive containing the Amazon logo," 4AC ¶ 27; "Defendants AMAZON LOGISTICS, INC. and AMAZON.COM SERVICES, LLC maintained records of Plaintiff and the other class members' time via the Amazon Flex app, and scheduled Plaintiff and the other class members' lunch breaks via the Amazon Flex app, which locked Plaintiff and the other class members out during meal periods," *id*. ¶ 23; and "Defendants AMAZON LOGISTICS, INC. and AMAZON.COM SERVICES, LLC set[] Plaintiff and the other class members' delivery routes and implement[ed] quotas of a certain number of packages needing to be delivered per day," *id*. ¶ 26.

The gist of Webb's allegations is that when Amazon Logistics and Amazon.com used drivers employed by Rejoice, Amazon Logistics and Amazon.com required the drivers to wear an Amazon uniform and drive an Amazon van, use the Amazon Flex app, and deliver a certain number of packages per day. In the Court's view, that conduct does not show control over Webb's wages, hours and working conditions. Moreover, even if the conduct itself were adequate, Webb's allegations are insufficient here because he fails to distinguish between two different defendants, Amazon Logistics and Amazon.com. "[A] lack of differentiation in the allegations against multiple defendants is typically cause for dismissal in any context, let alone the joint employer context." *Terrell*, 2020 WL 5372107, at *3.

Accordingly, the motion to dismiss is GRANTED as to all claims against Amazon Logistics and Amazon.com on the ground that Webb has failed to allege facts to support his claim that Amazon Logistics and Amazon.com were his joint employers.

The Court next will consider the adequacy of Webb's claims against Rejoice.

**(B)   Claims 1 and 4 – Failure to Pay Overtime Wages and Minimum Wages**

Rejoice moves to dismiss Claim 1 for failure to pay overtime wages, and Claim 4 for failure to pay minimum wages, for failure to allege sufficient facts. Webb argues that the claims are adequately pled.

**1.   Claim 1 – Overtime Wages**

"[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), as amended (Jan. 26, 2015). "[T]he pleading of detailed facts is not required," but the plaintiff must plead "facts that will permit the court to find plausibility" with respect to the overtime claim. *See id.* at 645.

Webb alleges that he worked as a non-exempt delivery driver for Rejoice for a short period, "from approximately November 2020 to January 2021." 4AC ¶ 5. As noted above, Rejoice's counsel clarified at the motion hearing that Webb was employed for only four weeks, and Webb's counsel did not dispute that assertion. Webb alleges that while employed by Rejoice, he "worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week." *Id*. ¶ 58. He also alleges that he was not paid overtime wages. *See id.* ¶ 59. Those facts were not contained in the last iteration of Webb's pleading, which contained no details whatsoever regarding Webb's position at Rejoice or the dates he worked there. *See* Third Am'd Compl. (erroneously titled Second Am'd Compl.), ECF 119.

While these new allegations are quite sparse, the Court finds that they are sufficient to put Rejoice on notice that Webb claims to have worked overtime hours during at least one of the four weeks in which he was employed by Rejoice. The Ninth Circuit has held that similarly sparse allegations are sufficient to satisfy the *Landers* pleading requirements at the motion to dismiss stage. *See, e.g., Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) (finding *Landers* standard met where plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week"). Whether Webb

actually worked more than eight hours a day or forty hours a week during his brief period of employment is a factual question for another day.

Webb bases his overtime claim in part on an allegation that Rejoice "failed to include non-discretionary bonuses, incentives and shift differentials" in his regular rate of pay for purposes of overtime compensation. 4AC ¶ 59. The assertion that Webb was eligible for discretionary bonuses, incentives and shift differentials is entirely implausible given the short period of time he worked at Rejoice. Accordingly, the motion to dismiss will be granted as to Claim 1 to the extent it is based on the allegation that Rejoice failed to include non-discretionary bonuses, incentives and shift differentials when calculating overtime compensation.

The motion to dismiss is GRANTED IN PART AND DENIED IN PART as to Claim 1 for failure to pay overtime wages, as set forth above.

### 2. Minimum Wages

Under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194(a). Webb alleges that he was required to work when he was clocked out during meal periods in order to deliver all packages he was given for the day, and that he was not paid for that time. *See* 4AC ¶ 86.

Rejoice contends that those allegations are insufficient to state a claim, because Webb's allegations make clear that meal and rest breaks were made available to him, and he chose to work through them. Rejoice points to cases holding that, under California law, it is irrelevant whether a plaintiff worked through meal or rest periods if they were made available. *See Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF, 2018 WL 2047807, at *5 (N.D. Cal. May 2, 2018). "[T]he employer is not obligated to police meal breaks and ensure no work thereafter is performed." *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040 (2012). "Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations[.]" *Id*. at 1040-41.

While Rejoice correctly identifies the general legal principle that an employer's provision

8

of meal breaks is sufficient to comply with state law, "courts have held that if an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods, there are sufficient grounds to find a violation of the California Labor Code." *Varsam v. Lab'y Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015). Webb alleges that he was assigned a greater number of packages each day than could be delivered without working through his meal breaks. *See* 4AC ¶ 80 ("It effectively was not possible for Plaintiff and the other class members to complete the deliveries within a workday if they took their rest breaks."). He also alleges that if he did take a meal break, he would receive a call from dispatch asking why his van was stopped. *See id.* The Court finds that those allegations are adequate to state a claim for failure to pay minimum wages for work done while Webb was clocked out for meal periods.

Webb bases his minimum wage claim in part on the allegation that Rejoice "failed to include non-discretionary bonuses, incentives and shift differentials" in his regular rate of pay for purposes of compensating paid sick leave. 4AC ¶ 86. As noted above in the discussion of Webb's overtime claim, the assertion that he was eligible for discretionary bonuses, incentives and shift differentials is entirely implausible given the short period of time he worked at Rejoice. Accordingly, the motion to dismiss will be granted as to Claim 4 to the extent it is based on the allegation that Rejoice failed to include non-discretionary bonuses, incentives and shift differentials when calculating paid sick leave.

The motion to dismiss is GRANTED IN PART AND DENIED IN PART as to Claim 4 for failure to pay minimum wages is, as set forth above.

**(C)   Claims 2 and 3 – Failure to Provide Meal and Rest Periods**

Rejoice moves to dismiss Claim 2 for failure to provide meal breaks, and Claim 3 for failure to provide rest breaks, for failure to allege sufficient facts. Webb argues that the claims are adequately pled.

"[E]mployers who unlawfully denied their employees a meal or rest period on any given day must pay the employees an additional hour of pay at their regular rate." *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 105 (2022) (internal quotation marks and citations omitted). Webb alleges that he was required to work when he was clocked out during his meal and rest

periods. *See* 4AC ¶¶ 71, 80. It appears from the face of the pleading that there was a formal policy of requiring drivers to take breaks – they were locked out of the Amazon Flex app during their scheduled meal periods. *See id.* ¶¶ 13, 23. However, Webb was required to fulfill "strict quotas" with regard to the number of packages delivered per hour and by the end of the workday, and would be reprimanded and written up if he failed to meet those quotas. *Id.* ¶¶ 71, 80. Webb alleges that "[i]t effectively was not possible for Plaintiff and the other class members to complete the deliveries within a workday if they took their rest breaks." *Id.* "Because of the quotas, Plaintiff and the other class members missed nearly all of their rest breaks because they had to prioritize meeting their delivery goals and did not want to be reprimanded." *Id.* "[I]f an employer makes it difficult for employees to take a break or undermines a formal policy of providing meal and rest periods there are grounds to find a violation of the California Labor Code." *Varsam*, 120 F. Supp. 3d at 1179. The Court finds these allegations to be sufficient to state claims for failure to provide meal and rest breaks.

The motion to dismiss is DENIED as to Claims 2 and 3 for failure to provide meal and rest breaks.

### (D)   Claims 5 and 6 – Waiting Time Penalties and Wage Statements

Rejoice moves to dismiss Claim 5 for failure to pay waiting time penalties, and Claim 6 for failure to provide accurate wage statements, for failure to allege sufficient facts. Webb argues that the claims are adequately pled.

California Labor Code § 203 provides that when an employer fails to pay all compensation due at the termination of employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). California Labor Code § 226 requires employers to provide employees with accurate itemized statements in writing showing, among other things, their gross and net wages earned, total hours worked, all deductions, the dates included in the pay period, and the identifying information of the employee and employer, and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a).

Webb alleges that Rejoice failed to pay all wages due upon termination of his employment, and failed to provide accurate wage statements reflecting all hours and overtime hours worked. *See* 4AC ¶¶ 91-94, 97-100. He seeks to recover statutory waiting time penalties and damages. Rejoice argues that these claims are derivative of Webb's claims for failure to pay overtime and minimum wages and therefore fall with those claims. The Court agrees that the claims for waiting time penalties and failure to provide accurate wage statements are derivative of Webb's claims for failure to pay overtime and minimum wages. However, because the latter claims survive, so too do the derivative claims.

The motion to dismiss is DENIED as to Claims 5 for failure to pay waiting time penalties and Claim 6 for failure to provide accurate wage statements.

**(E)     Claim 7 – Failure to Reimburse Business Expenses**

Rejoice moves to dismiss Claim 7 for failure to reimburse business expenses. Webb argues that this claim is adequately pled.

California Labor Code § 2802 provides in relevant part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]" Cal. Lab. Code § 2802(a). To state a claim for failure to reimburse business expenses, a plaintiff must allege a "specific instance in which he was not reimbursed for expenses that were within his job duties." *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2022 WL 2132916, at *5 (N.D. Cal. June 14, 2022) (citation omitted). Further, the allegations must support an inference that the employer "either know[s] or ha[s] reason to know that the employee incurred an expense." *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009).

Webb alleges that "Plaintiff and the other class members incurred business-related costs for use of their personal cell phones during their employment with Defendants, which Defendants were aware of and failed to reimburse." 4AC ¶ 104. He also alleges that "Plaintiff and the other class members had to use their personal cell phones for GPS purposes when their GPS and applications were down in order to know how to get to the addresses on the packages in order to complete their deliveries." *Id*.

11

1	As Rejoice points out, these general allegations do not provide facts regarding a specific

2	instance when Webb actually incurred cell phone charges and was not reimbursed by Rejoice.

3	The claim is inadequate for that reason.

4	The motion to dismiss is GRANTED as to Claim 7 for failure to reimburse business

5	expenses.

**(F)   Class Allegations**

Rejoice moves to dismiss Webb's class allegations on the ground that he has not plausibly alleged any common unlawful policy that applies across the putative class. Webb asserts that his class allegations are adequate.

The Court agrees that Webb has not alleged any common policy that would apply across the putative class as currently defined. As noted above, the 4AC defines the putative class as:

> All hourly-paid, non-exempt employees of Defendant Rejoice Delivers LLC, within the State of California at any time during the period from August 9, 2018 to final judgment, who Plaintiff alleges were jointly employed by Defendants Amazon Logistics, Inc. and Amazon.com Services, LLC

4AC ¶ 16. This definition does not limit the class to Rejoice delivery drivers, but encompasses all hourly-paid, non-exempt Rejoice employees. Webb has not alleged facts showing that employees other than delivery drivers were denied meal and rest breaks or subjected to the same wage and hour violations alleged with respect to delivery drivers.

Other district courts in this circuit have dismissed class allegations where the named plaintiff failed to allege that putative class members were subject to the same policies or had sufficiently similar work experiences. *See, e.g., Johnson v. Air Prods. & Chemicals, Inc.*, No. 2:22-CV-07327-JLS-PD, 2023 WL 2663279, at *5 (C.D. Cal. Jan. 26, 2023) (granting motion to dismiss where plaintiff alleged facts supporting a class limited to drivers, but not a class of all hourly, non-exempt employees at the company); *Mish*, 2021 WL 4592124, at *9 (dismissing class allegations that included all non-exempt employees). This Court likewise will dismiss Webb's class allegations, with leave to amend so that he may narrow the putative class to Rejoice delivery drivers who were dispatched to provide services for Amazon Logistics, Inc. and Amazon.com Services, LLC.

12

The motion to dismiss is GRANTED as to the class allegations.

**(G) Leave to Amend**

A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id*.

The record does not suggest undue delay (first factor) or bad faith (second factor) on the part of Webb. Nor does the Court find that allowing further amendment would impose undue prejudice on Rejoice (fourth factor). While this case is not very far along given its age, most of the delay is attributable to Defendants' motion to compel arbitration, appeal of this Court's denial of that motion, and subsequent motion practice.

However, Webb has repeatedly failed to cure the deficiencies in his pleading (third factor), even though he has filed five versions of his pleading and has been given oral and written direction by this Court. Moreover, with respect to the claims that are subject to dismissal for the reasons discussed herein, it appears that amendment would be futile. The only aspects of Webb's pleading as to which amendment would not be futile are the class allegations. At the hearing, the Court indicated that it would be inclined to allow the putative class action to go forward if Webb were to limit the putative class to drivers, and Webb's counsel agreed to amend the class definition.

Accordingly, the motion to dismiss is granted WITHOUT LEAVE TO AMEND IN PART as to the claims against Amazon Logistics and Amazon.com, Claims 1 and 4 to the extent those claims are based on Rejoice's alleged failure to take into account non-discretionary bonuses, incentives and shift differentials, and Claim 7. The motion to dismiss is granted WITH LEAVE TO AMEND as to the dismissal of Webb's class allegations.

## IV. ORDER

(1) The motion to dismiss the fourth amended complaint is GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART, as follows:

    (a) The motion to dismiss is GRANTED IN PART WITHOUT LEAVE TO AMEND as to all claims against Amazon Logistics and Amazon.com, Claims 1 and 4 to the extent those claims are based on Rejoice's alleged failure to take into account non-discretionary bonuses, incentives and shift differentials, and Claim 7;

    (b) The motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND as to Plaintiff's class allegations; and

    (c) The motion to dismiss is DENIED as to Claims 1-6 against Rejoice, except as to the aspects of Claims 1 and 4 dismissed above.

(2) Plaintiff SHALL file a fifth amended complaint within 14 days after the date of this order, by August 21, 2025. Leave to amend is limited to the class allegations. Plaintiff may not add new claims or parties without express leave of the Court.

(3) This order terminates ECF 152 and 153.

Dated: August 7, 2025

_____
BETH LABSON FREEMAN
United States District Judge